IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY WARD,                    )
                               )          2:04-cv-00305-GEB-DAD
          Plaintiff,           )
                               )
     v.                        )          <u>FINAL PRETRIAL ORDER</u>
                               )
CITY OF SOUTH LAKE TAHOE, a    )
Political Division of the      )
State of California; SOUTH     )
LAKE TAHOE POLICE DEPARTMENT;  )
POLICE OFFICER D. BAKER;       )
POLICE OFFICER SILVA; and      )
POLICE OFFICER RAMIREZ,[1]     )
                               )
          Defendants.          )
_____)

          A final pretrial conference was held on August 8, 2005.

H. Ty Kharazi appeared on behalf of Plaintiff; Richard C. Creeggan

appeared on behalf of Defendants.

          After hearing, the Court makes the following Order.

                    I.   <u>JURY/NON-JURY</u>

          All issues shall be tried to a jury.

_____

          [1]     The caption is amended to reflect that Police Officer
Evans is dismissed without prejudice pursuant to the parties'
agreement at the final pretrial conference.

## II.   UNDISPUTED FACTS

The undisputed facts stated in section (b)(3) of the parties' Joint Pretrial Statement ("JPS") will become a part of the evidentiary record if the parties reach agreement on which party or parties should read them to the jury.

## III.   DISPUTED EVIDENTIARY ISSUES

Any evidentiary dispute capable of being resolved in limine shall be addressed using the following procedure.  Counsel for the parties are required to meet and confer about the dispute.  If the meeting fails to resolve the dispute, the parties are to set forth their respective positions on the dispute in a document entitled "Stipulation Re:  Evidentiary Disagreements," that shall be signed by counsel for the parties and filed no later than twenty (20) court days before trial ("Stipulation").[2]

In the Stipulation, after the movant states the legal and factual basis for opposing admission of a clearly-identified, specific item of evidence, the nonmovant shall state its position. *Failure to state a basis for admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that basis*.  If the same argument or a portion thereof applies to a dispute over other evidence, that argument may be incorporated by reference where that other disputed evidence is argued.

This procedure is intended to expedite the trial by allowing the judge to understand the factual context involving disputed evidence and to make binding pretrial rulings.  The

---

[2]     The parties also have leave to set forth their agreements on any evidentiary matters in the Stipulation.

parties are cautioned that failure to utilize this procedure to resolve an evidentiary issue which is capable of resolution in an in limine motion may be deemed a waiver of objection to such evidence, or could result in a ruling excluding the evidence.[3]

IV.  TRIAL ISSUES

A.  The parties' theories of liability and defenses were indicated on the record at the final pretrial conference and are preserved for trial provided jury instructions are submitted as required by Section X of this Order.

B.   In addition to the matters set forth in Local Rule 16-285, the parties shall brief the following points of law in their trial briefs.

1.  The elements, standards, and burdens of proof as to each of Plaintiff's causes of action, including citations of authority in support thereof.

2.   The elements, standards, and burdens of proof as to each of Defendant's defenses, including citations of authority in support thereof.

Notwithstanding Local Rule 16-285, trial briefs shall be filed with the Court no later than twenty (20) court days prior to the date of trial.  A joint or partial joint trial brief is permitted.  All legal positions briefed in the trial brief shall be supported with case and applicable statutory authority.  See Local Rule 16-285.  If separate or partial separate trial briefs are

---

[3]     Since the judge disfavors side-bar conferences during trial, counsel may be informed of this waiver in front of the jury. Evidentiary disputes addressed in limine need not be included in trial briefs as required by Local Rule 16-285(a)(3) (requiring that "reasonably anticipated disputes concerning admissibility of evidence" be included in trial briefs).

submitted, responding briefs, if any, shall be filed with the Court no later than five (5) court days prior to trial. **The trial brief(s) must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof." Local Rule 16-285(a)(3).**

V.   <u>WITNESSES</u>

A.   Plaintiff expects to call as witnesses, either in person or by deposition, some or all of the persons listed in their attachment to the JPS.

B.   Defendants expect to call as witnesses, either in person or by deposition, some or all of the persons listed in their attachment to the JPS.

C.   Each party may call a witness designated by the other.

D.   No person, other than those named on these witness lists, will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "E", below.

E.   If a witness is discovered after the pretrial conference, counsel for the party offering the witness shall promptly inform the Court and opposing parties of the existence of the unlisted witness so that the Court may consider at trial

1 | whether the witness shall be permitted to testify.  The witness
2 | will be not be permitted to testify unless:

3 |         (1) The witness could not reasonably have been
4 | discovered prior to pretrial;

5 |         (2) The Court and opposing counsel were promptly
6 | notified upon discovery of the witness;

7 |         (3) If time permitted, counsel offered the witness
8 | for deposition; and

9 |         (4) If time did not permit, a reasonable summary of
10 | the witness' testimony was provided to opposing counsel.

11 | VI.  EXHIBITS

12 | A.  Plaintiff intends to offer in evidence the exhibits
13 | described in their attachment to the JPS.

14 | B.  Defendants intend to offer in evidence the exhibits
15 | described in their attachment to the JPS.

16 | C.  No other exhibits will be permitted to be introduced
17 | unless:

18 | (1) The party seeking to use the unlisted exhibit
19 | demonstrates that the exhibit is for impeachment;

20 | (2) The party seeking to use the unlisted exhibit
21 | demonstrates that the exhibit is being used to rebut evidence which
22 | could not reasonably have been anticipated at the pretrial
23 | conference; or

24 | (3) The unlisted exhibit was discovered after the
25 | pretrial conference and the offering party makes the showing
26 | required in paragraph "D", below.

27 | D.  Any party proposing to introduce an exhibit which was
28 | discovered after the pretrial conference shall promptly notify the

Court and opposing counsel of the existence of such exhibit.  The Court will not permit any such exhibit to be introduced unless it finds:

       (1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

       (2) The Court and counsel were promptly informed of the exhibit's existence; and

       (3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

       E.  Plaintiff's exhibits shall be numbered and marked with colored stickers provided by the Court while Defendant's exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

       The parties are directed to exchange with each other, at least twenty (20) court days prior to trial, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[4]  Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner

---

    [4]    The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

prescribed by this section shall constitute a waiver of objections. A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

Counsel shall produce all exhibits to the Clerk's Office on the Friday before the before trial date, no later than 4:00 p.m. At that time, the parties shall also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced.  Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits.  Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.

VII. <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>

A.  It is the duty of counsel to ensure that any depositions which are to be used at trial for any purpose shall have been filed with the clerk, and counsel are cautioned that a failure to discharge this duty may result in preclusion of the use of the unfiled depositions or in the imposition of such other sanctions as the Court deems appropriate.

B.  No later than twenty (20) court days before the trial commencement date, counsel for each party shall serve on the other parties a statement designating all answers to interrogatories and all portions of depositions (except for passages to be used solely for refreshing recollection, impeachment or rebuttal).  No later than ten (10) court days before the trial commencement date, counter-designations of other portions of these discovery documents may be served.  No later than five (5) court days before trial, the

parties shall file and serve any preserved evidentiary objections to any designated discovery, or said objections are waived.

### VIII.   FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference.  That order is confirmed.  The parties are, of course, free to conduct any additional discovery they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this Court.

### IX.   AGREED STATEMENT

The parties shall submit a short, jointly-prepared statement concerning the nature of this case that can be read to the jury at the commencement of trial.  The statement shall be provided to the Court no later than ten (10) court days before the commencement of trial.  If the parties fail to do this, they may be required to give their respective opening statements before voir dire.  Separate statements shall be submitted if agreement is not reached.

### X.   JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS

A.   The parties are to prepare jury instructions, in the manner specified in paragraph B below.  Counsel shall tailor all general instructions to the facts and issues in suit.

B.   Counsel are directed to confer and to attempt to agree upon a joint set of jury instructions.  All instructions, both general and specific, shall be submitted in the exact numerical order counsel desires them given to the jury and shall be tailored to the facts and issues in suit.

1       The joint set of instructions shall be filed with the

2  court clerk fifteen (15) court days prior to the date of the trial

3  and shall be identified as the "Jury Instructions Without

4  Objection."  <u>See</u> L.R. 51-163(b).  As to instructions on which there

5  is dispute, the parties shall adhere to the following procedure:

6  1) the party offering the disputed instruction(s) shall submit the

7  instruction(s) as its package of proposed jury instructions, shall

8  submit a brief memorandum in support of the proposed instruction(s)

9  and shall number the disputed instruction in a manner that shows

10  where each disputed instruction should be placed in the tendered

11  agreed upon instructions.  The contested instruction(s) and

12  memorandum in support shall be filed with the joint set of

13  instructions fifteen (15) court days prior to the date of the

14  trial; 2) the party opposed to the contested instruction(s) shall

15  submit a brief memorandum succinctly stating the legal basis of the

16  objection(s); 3) the memoranda in opposition to the contested

17  instruction(s) shall be filed ten (10) court days prior to the date

18  of the trial.

19       C.   All instructions shall be, to the extent possible,

20  concise, understandable, and <u>neutral</u> statements of law.  They shall

21  be prepared in accordance with Local Rule 51-163.  Ninth Circuit

22  Pattern Instructions are preferred.

23       D.   It is the parties' responsibility to ensure that

24  jury instructions are submitted on all issues preserved for trial

25  in accordance with the schedule set forth above.  Pursuant to Local

26  Rule 51-163, instructions not presented in accordance with this

27  Order will be refused unless it is shown either (1) that the

28  necessity for the request arose in the course of trial; the

instructions could not reasonably have been anticipated prior to trial from the Final Pretrial Order; and the request for such additional instructions is presented to the Court as promptly as possible; or (2) that the refusal to give such instructions would constitute manifest injustice under Rule 16(e).

Likewise, any objections to proposed instructions not made in accordance with this Order will be overruled as untimely unless it is shown either (1) that the grounds therefor arose in the course of trial and the intention to make such objections is communicated to the Court as promptly as possible, or (2) that the giving of such instructions would constitute plain error.

E.    Most of the examination of prospective jurors is conducted by the Court.  The parties are directed to meet and confer and attempt to agree upon a joint set of proposed voir dire questions.  These questions shall include any voir dire questions supplied by the Court that the parties believe are necessary.  The joint set of voir dire questions shall be filed with the Court fifteen (15) court days prior to the date of the trial.  Parties may also submit proposed voir dire questions which are disputed. Disputed voir dire questions shall be filed with the Court fifteen (15) court days prior to the date of the trial and shall be accompanied by an explanation as to the need for the question and supporting case authority when available.  The opposing party shall respond with reasons for the opposition and any supporting case authority no later than ten (10) court days prior to the date of trial.  Each side is granted ten (10) minutes to conduct voir dire following the Court's examination of prospective jurors.

1       <u>At the time of electronically filing the jury</u>

2 <u>instructions, counsel shall also submit a copy of the sanitized</u>

3 <u>joint jury instructions, the sanitized disputed jury instructions,</u>

4 <u>and the joint verdict form to the Court by email to</u>

5 <u>geborders@caed.uscourts.gov in accordance with L.R. 51-163(b)(1).</u>

6       F.   The failure of one or more of the parties to

7 participate in the preparation of joint jury instructions, proposed

8 voir dire questions, or verdict form does not excuse the other

9 parties from their obligation to timely file these documents with

10 the Court in accordance with this Order.  In the event that a party

11 fails to participate as ordered, the party timely submitting these

12 documents shall include a declaration explaining why it was unable

13 to obtain the cooperation of the other party or parties.

14       XI.  <u>USE OF STRUCK JURY SELECTION SYSTEM</u>

15       Nine (9) jurors will be impaneled.  The "struck jury"

16 system will be used to select the jury.[5]  At the beginning of the

17 voir dire process, eighteen prospective jurors, randomly selected

18 by the Jury Administrator, will be seated for voir dire.[6]  The

19 order of the jurors' random selection is reflected by the order in

20 which they will be seated.  The first randomly selected juror will

21 be in jury seat number one, which is at the extreme right-hand side

22

23     [5]  As explained in <u>United States v. Blouin</u>, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to

24 whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group

25 consists of the jurors who will hear the case, plus the number of jurors required to enable the parties to use the combined number of

26 peremptory challenges allotted to both sides for striking jurors from the group.  Typically extra jurors are included in the select

27 group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.

28     [6]  More could be seated.

of the jury box in the top row as the jury box is viewed from the well of the courtroom.  The eighth juror will be in the eighth seat.  The ninth selected juror will occupy the seat located at the extreme right-hand side of the jury box in the bottom row.  The fifteenth seat will be in the left-hand side of that row.  Three chairs will be placed in front of the jury box.  The sixteenth juror will occupy the seat on the right and the eighteenth juror will occupy the seat on the left.  The first nine (9) jurors on a list, which shall be given to counsel, will constitute the petit jury unless one or more of those nine (9) is excused for some reason.  Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list becoming seventh on the list; however, the jurors continue to be identified by their original numbers.

Following the voir dire questioning, each side will exercise its three allowed peremptory strikes.[7]  A copy of the "strike sheet" which will be used is attached to this Order. Generally, the potential jurors are given a break for the amount of time the parties estimate it will take them to exercise peremptory strikes.  Therefore, before the striking process begins, the parties are requested to provide an estimate of how long it will take to exercise their peremptory strikes so the potential jurors can be allowed to take a break for that amount of time.  Peremptory strikes will be exercised silently, by passing the strike sheet

---

[7]   During the questioning, the attached Query Re Excuse Potential Jurors form could be given to the parties to determine if a particular juror should be excused.  The attached for cause form will also be used.

between the parties, with the Plaintiff going first.  To use a
strike, write the seat number of the juror above the line where the
strike is required to be designated.[8]  A party who does not use a
strike waives any further right to exercise that strike and is
required to reflect this waiver by writing the word "pass" on the
strike sheet where the strike was supposed to have been exercised.

### XII.  ATTORNEYS FEES

The parties are referred to Local Rule 54-293 concerning
the post-trial procedure for seeking an award of attorney's fees.

### XIII.  JURY INSTRUCTION AND VERDICT FORM CONFERENCE

A jury instruction and verdict form conference will be
scheduled if necessary.  See Local Rule 51-163(f).  The attorney
who will try the case for each party shall attend the conference.
The purpose of the conferences is to finalize these matters, to the
extent possible, before trial.  The possibility of conferences
being scheduled does not relieve the parties from their obligation
to comply with all provisions of this Order.

### XIV.  TRIAL DATE

Trial to a jury is set for November 8, 2005.  The parties
estimated at the final pretrial conference that it will take six
(6) days to try the case, which includes their closing arguments.
A trial day will commence at 9:00 a.m. and will adjourn at

---

[8]    For example, assuming Plaintiff elects to strike the
juror in seat number 6, that strike will be exercised and then the
strike sheet is give to defense counsel.  Assuming defense counsel
then strikes the juror in seat 4, the first line of the strike
sheet will appear as follows:

Plaintiff    1 **6**              Defendant  1 **4**

Defense counsel would then give the strike sheet back to Plaintiff
so she could exercise her second strike.

approximately 4:30 p.m.  Each side has fifteen (15) minutes within
which to make an opening statement to the jury and forty-five (45)
minutes within which to make a closing argument.  Counsel are to
call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week
prior to trial to ascertain the status of the trial date.

XV.   <u>COMMUNICATION WITH JURY</u>

The Court intends to communicate the following to the
jury just before it retires to deliberate:

1. Is the United States Marshal's representative
   present who will take charge of the jury?

2. Deputy Clerk, please give the oath to the United
   States Marshal's representative.

3. The jury may take breaks at will, **without advance
   permission**, under the general supervision of the
   United States Marshal's representative.

4. The jury may go to lunch when they desire, **without
   advance permission**, under the general supervision of
   the United States Marshal's representative.  When
   the jury leaves for lunch, **the United States
   Marshal's representative shall tell my courtroom
   deputy clerk** so that I, my staff, the lawyers, and
   the parties can be relieved from standby status.
   This allows those on standby status to go to lunch
   at the same time the jury has lunch.

5. The jury is authorized to adjourn for the evening
   **without advance permission**, and without having to
   return to this courtroom to be excused by me in
   front of the parties, but **the United States**

1            **Marshal's representative shall tell my deputy**

2            **courtroom clerk** when the jury adjourns so that the

3            judge, the judge's staff, the lawyers, and the

4            parties can be relieved from standby status.

5    6.      When deliberations are continued the day after

6            evening adjournment, jurors are permitted to proceed

7            directly to the jury deliberation room.  But jurors

8            are to wait until all jurors are present before

9            resuming deliberations.

10    7.      We desire you to deliberate between the hours of

11            9:00 a.m. and 4:30 p.m., as necessary.  However, you

12            may deliberate for a shorter or longer period if you

13            desire, provided all of you are in agreement.

14            Otherwise, you should let me know about the

15            disagreement.

16    8.      If you have a cell phone and/or a device with a

17            wireless internet connection, you must give it to

18            the United States Marshal's representative before

19            you go into the jury deliberation room so that we

20            can be assured that there is no interference with

21            your deliberations.  That representative will return

22            it when you leave the jury deliberation room.

23    9.      The United States Marshal's representative will

24            maintain a post outside the jury deliberation room

25            to protect the jury from outside influences or

26            visitors.  That representative shall not communicate

27            with you about the case or the court system because

28            such conversations could be misconstrued as a

1          communication that seeks to influence the jury.

2          Stay in the jury room until all jurors are ready to

3          leave for a break or lunch.

4     10.   Please escort all jurors to the deliberation room.

5

6          <u>FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY</u>

7  <u>BE GROUNDS FOR THE IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL</u>

8  <u>AS WELL AS ANY PARTY OR PARTIES WHO CAUSE NON-COMPLIANCE WITH THIS</u>

9  <u>ORDER.</u>

10          IT IS SO ORDERED.

11 Dated:  August 17, 2005

12
                                   /s/ Garland E. Burrell, Jr.
13                                 GARLAND E. BURRELL, JR.
                                   United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRIKE SHEET

Plaintiff      1_____          Defendants  1_____

               2_____                      2_____

               3_____                      3_____

<u>Query re Excuse Potential Juror</u>

Do you Agree that Juror No. _____ should be excused for the reason stated by the juror or for any other reason?  (Check applicable box below)

| | Plaintiff's Attorney | | Defendants' Attorney | |
|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ | ☐ | ☐ |
| | Yes | No | Yes | No |

<u>Whether Jurors Present During Exercise of Peremptory Challenges</u>

Can the jury be excused for the amount of time it will take to exercise peremptory challenges?  (Set forth response in box below)

|  | Plaintiff's Attorney | | Defendants' Attorney | |
|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ | ☐ | ☐ |
|  | Yes | No | Yes | No |

How long do you estimate it will take you to exercise peremptory challenges?  (Set forth minutes in box below)

|  | Plaintiff's Attorney | Defendants' Attorney |
|---|---|---|
| MINUTES: | ☐ | ☐ |

<u>FOR CAUSE DOCUMENT</u>
<u>Plaintiff's Counsel</u>

If you have challenges for cause, state the seat number of the juror involved and a brief explanation of the reason for the challenge.

Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


List seat numbers of other for cause challenges:  _____, _____,

_____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____.

***CHECK THIS BOX IF YOU HAVE <u>NO</u> CHALLENGES FOR CAUSE:***   ☐


Signed:_____

<u>FOR CAUSE DOCUMENT</u>
<u>Defendants' Counsel</u>

If you have challenges for cause, state the seat number of the juror involved and a brief explanation of the reason for the challenge.

Seat _____

Explanation: _____

_____

_____

Seat _____

Explanation: _____

_____

_____

Seat _____

Explanation: _____

_____

_____

Seat _____

Explanation: _____

_____

_____

List seat numbers of other for cause challenges: ____, ____,

____, ____, ____, ____, ____, ____, ____, ____, ____, ____.

***CHECK THIS BOX IF YOU HAVE <u>NO</u> CHALLENGES FOR CAUSE:***   ☐

Signed:_____