IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WARD, ) | |
| ) | 02:04-cv-0305-GEB-DAD |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER TO SHOW CAUSE |
| ) | |
| CITY OF SOUTH LAKE TAHOE, a ) | |
| Political Division of the ) | |
| State of California; SOUTH ) | |
| LAKE TAHOE POLICE DEPARTMENT; ) | |
| POLICE OFFICER D. BAKER; ) | |
| POLICE OFFICER SILVA; and ) | |
| POLICE OFFICER RAMIREZ, ) | |
| ) | |
| Defendants. ) | |

Plaintiff and his counsel of record are Ordered to Show Cause ("OSC") no later than November 10, 2005, why sanctions in the amount of $2,368.14[1] should not be imposed against counsel and/or Plaintiff for their failure to inform chambers before 4:30 p.m. November 7, 2005, that Plaintiff's action had been stayed.

On the first day of trial, November 8, 2005, just as the parties were about to exercise their peremptory challenges against

---

[1] This amount represents the jury costs incurred by the Court and may properly be imposed as a sanction. See Lasar v. Ford Motor Company, 399 F.3d 1101, 1111 (9th Cir. 2005); Zambrano v. Tafolla, 885 F.2d 1473, 1480 (9th Cir. 1989).

1

prospective jurors, Plaintiff's counsel of record informed the Court that Plaintiff had filed a bankruptcy petition that could stay the action being tried.  Plaintiff's filing of a bankruptcy petition did, in fact, automatically stay the action.  See In re Pace, 159 B.R. 890, 898 (9th Cir. BAP 1993) aff'd in relevant part, rev'd in part on other grounds, 67 F.3d 187 (1995).  As a result, those individuals called to jury service were excused and a mistrial was declared.

Before Court adjourned, an oral OSC issued.  Plaintiff's counsel of record, in response to the OSC, conceded that he could have notified chambers about Plaintiff's bankruptcy petition on November 7, 2005, in time to vacate the trial date, but that he failed to do so.  This failure by Plaintiff's counsel of record constitutes a violation of Local Rule 40-280(a).  Sanctions may be imposed against Plaintiff's counsel of record if this violation was "grossly negligent, reckless, or willful."  Zambrano v. Tafolla, 885 F.2d 1473, 1479 (9th Cir. 1989).  Plaintiff may also be sanctioned if the failure to inform the Court of his bankruptcy petition was in "bad faith."  See id. at 1478.

The hearing on the OSC is scheduled for 8:00 a.m. on November 16, 2005, in Courtroom 1 located at 1130 "O" Street, Fresno, California.

IT IS SO ORDERED.

DATED: November 9, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge