IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WARD,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF SOUTH LAKE TAHOE, a<br>Political Division of the<br>State of California; SOUTH<br>LAKE TAHOE POLICE DEPARTMENT;<br>POLICE OFFICER D. BAKER;<br>POLICE OFFICER SILVA; and<br>POLICE OFFICER RAMIREZ,<br><br>        Defendants. | 02:04-cv-0305-GEB-DAD<br><br><br>ORDER IMPOSING SANCTIONS |

       An Order to Show Cause ("OSC") was filed on November 9, 2005, directing Plaintiff's counsel of record ("Counsel") to show cause why sanctions in the amount of $2,368.14 should not be imposed against him for his failure to inform chambers before 4:30 p.m. on November 7, 2005, that Plaintiff's action had been stayed.[1]  On the first day of trial, November 8, 2005, when the parties were supposed to exercise their

---

[1] This amount represents the jury costs incurred by the Court and may properly be imposed as a sanction.  See Lasar v. Ford Motor Company, 399 F.3d 1101, 1111 (9th Cir. 2005).

1

1  peremptory challenges against prospective jurors, Counsel informed
2  the Court he had learned on November 7, 2005, that Plaintiff had
3  filed a bankruptcy petition "on the 28th of October."
4  (November 8, 2005, Jury Trial Record.)  Counsel then stated "it is
5  my understanding that there is an automatic stay."  (Id.)  As a
6  result, the individuals called to jury service were excused and a
7  mistrial was declared.  Before Court adjourned, an oral OSC issued.
8         Following the oral OSC, Counsel indicated that he learned
9  of Plaintiff's bankruptcy petition at approximately 3:30 p.m. on
10 November 7, 2005.  (Id.)  Counsel explained that he understood the
11 petition imposed an automatic stay on the action, that the trustee
12 would have to give approval before Plaintiff could proceed with
13 litigation, and that the trustee would have to decide whether
14 Counsel would represent Plaintiff in the lawsuit even if the stay
15 was lifted.  (Id.)  Counsel stated that, approximately thirty
16 minutes after learning the action was stayed, he sent a fax to
17 opposing counsel indicating that he desired to make a conference
18 call to the undersigned Judge about the stay that afternoon.  (Id.)
19 Counsel conceded that no call was made, even though he could have
20 notified chambers about Plaintiff's bankruptcy petition and the
21 automatic stay in time to vacate the trial date and notify
22 prospective jurors that they need not appear in court on
23 November 8, 2005.  (Id.)
24         In response to the written OSC, Counsel filed a
25 declaration on November 10, 2005.  Counsel declares he became aware
26 of Plaintiff's bankruptcy petition around 3:30 p.m. on
27 November 7, 2005, and that he then sent a fax to opposing counsel
28 about the stay at 3:56 p.m. that same day.  (Kharazi Decl.

1  ¶¶ 12, 14.)  Counsel also declares that he could have notified the
2  Court of Plaintiff's petition on November 7, 2005, but did not.
3  (Id. ¶ 24.)
4      After a review of Counsel's declaration, Counsel's
5  statements made in court on November 8, 2005, and statements
6  Counsel made at the OSC hearing held on November 21, 2005, the
7  facts are found to be as follows.  Counsel was aware, at
8  approximately 3:30 p.m. on November 7, 2005, that Plaintiff had
9  filed a bankruptcy petition that automatically stayed this action.[2]
10 Counsel was aware that the stay could not be lifted by a
11 stipulation between the parties in this action because Plaintiff's
12 action is part of the bankruptcy estate.  Counsel had the
13 opportunity to contact the Court about the automatic stay
14 before 4:30 p.m. on November 7, 2005, but did not.  Instead,
15 Counsel elected to wait until the morning of trial on
16 November 8, 2005, and after all prospective jurors had been
17 questioned to inform the Court of the automatic stay.
18     Local Rule 40-280(a) requires that "[t]he action be ready
19 for trial on the date set by the court."  Counsel violated this

---

[2] Counsel states in his declaration that after the November 8 hearing he received information indicating the action was not subject to a Bankruptcy Code automatic stay.  (Kharazi Decl. ¶¶ 29-30.)  However, Counsel clearly stated at the November 8 hearing that on that day and on November 7 he believed Plaintiff's lawsuit was automatically stayed.  Counsel's original understanding was correct.  "[Plaintiff's lawsuit] falls squarely within [11 U.S.C.] § 541, and is property of the bankruptcy estate."  In re Pace, 159 B.R. 890, 898 (9th Cir. BAP 1993) aff'd in relevant part, rev'd in part on other grounds, 67 F.3d 187 (1995)(citation and quotation marks omitted).  Even if the lawsuit was not listed in Plaintiff's bankruptcy petition as Counsel declares, In Re Pace holds that the lawsuit is still part of the bankruptcy estate and automatically stayed.  Id.; and see 11 U.S.C. § 362(a)(3).

3

1  Local Rule because he did not inform the Court that the action was
2  stayed and could not be tried on the day set by the Court.  Local
3  Rule 11-110 authorizes the Court to impose sanctions for Counsel's
4  violation of Local Rule 40-280.  Sanctions, however, may only be
5  imposed against Counsel if his violation was "grossly negligent,
6  reckless, or willful."  <u>Zambrano v. Tafolla</u>, 885 F.2d 1473, 1479
7  (9th Cir. 1989).  By not informing the Court of the automatic stay
8  before 4:30 p.m. on November 7, 2005, Counsel demonstrated
9  indifference to a substantial risk, indeed the virtual certainty,
10 that the action could not be tried on the day set by the Court and
11 that numerous prospective jurors would appear for no purpose
12 whatsoever.  Counsel's indifference makes his failure to inform the
13 Court of the automatic stay before 4:30 p.m. on November 7, 2005,
14 at a minimum, grossly negligent.[3]

15      Further, the Court finds that sanctions in the amount of
16 $2,368.14 are appropriate under the factors set forth in <u>Zambrano</u>.
17 First, the sanction is not inconsistent with any Federal Rule or
18 statute.  Second, the conduct for which Counsel is being sanctioned

---

[3]  Counsel contends that he decided not to contact the Court on November 7, 2005, because it would have been an inappropriate "ex parte" communication.  This argument does not excuse or make any more reasonable Counsel's violation of Local Rule 40-280(a). First, it is hard to imagine how notifying the Court about Plaintiff's bankruptcy petition and Counsel's opinion that the lawsuit was automatically stayed would be an ex parte communication, since opposing counsel's office had been notified about the matter.  Second, Counsel's assertion that he had reservations about contacting chambers regarding the stay "ex parte" taxes credulity, since Counsel had contacted the Judge's Courtroom Deputy "ex parte" the previous week about jury trial documents. Lastly, Counsel indicated a desire to have a conference call with the undersigned Judge on the afternoon of November 7, 2005, but chose not to even though the communication clearly would not have been "ex parte."

4

is directly related to this Court's ability to preserve the integrity of its docket by ensuring that matters set for trial proceed as scheduled. Third, imposition of sanctions against Counsel under the circumstances is "consistent with principles of right and justice" because Counsel's grossly negligent conduct resulted in the Court paying the expenses of jurors unnecessarily summoned to appear for the November 8, 2005, trial; and most likely cast a poor light on the operations of the Court in the eyes of prospective jurors, who were informed that they had been summoned to appear in court needlessly. Zambrano, 885 F.2d at 1480 (internal quotation marks omitted). Finally, the amount of the sanction imposed is proportionate to Counsel's offense given his knowledge of the stay and his grossly negligent decision to not inform the Court of it until the first day of trial.[4]

/////

/////

/////

---

[4] Counsel indicated at the OSC hearing held November 21, 2005, that sanctions were inappropriate because he did not anticipate that waiting until the day of trial to inform the Court of the stay would cause the Court to incur unnecessary jury expenses. Counsel represented that all his practice has been in state court and that there jurors are called in large groups regardless of the number of matters being tried that day. This bare argument presupposes, without proof, that state jury selection occurs as Counsel argued. It is extremely doubtful that state court is unmindful of the number of jurors needed before it incurs the expense involved with summoning prospective jurors to court. See Cal. Civ. Proc. Code § 613 (2002)("Each party demanding a jury trial shall deposit advance jury fees with the clerk or judge.") and Cal. Civ. Proc. Code § 613.3 (2002)("[W]hen a party to the litigation has deposited jury fees with the judge or clerk and that party waives a jury or obtains a continuance of the trial, or the case is settled, none of the deposit shall be refunded if the court finds there has been insufficient time to notify the jurors that the trial would not proceed at the time set.")

1         Therefore, Counsel is ordered to pay sanctions in the
2   amount of $2,368.14.  The sanctions shall be paid to the Clerk of
3   the Court of this District no later than December 29, 2005.
4
5         IT IS SO ORDERED.
6   Dated:  November 22, 2005
7
8                              /s/ Garland E. Burrell, Jr.
                               GARLAND E. BURRELL, JR.
                               United States District Judge