IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WARD,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF SOUTH LAKE TAHOE, a<br>Political Division of State of<br>California; POLICE OFFICER<br>D. BAKER; POLICE OFFICER EVANS;<br>and POLICE OFFICER RAMIREZ,<br><br>        Defendants. | 2:04-cv-0305-GEB-DAD<br><br><br>ORDER |

On February 28, 2007, at the close of evidence but before the action was submitted to the jury, Defendants moved for judgment as a matter of law on all of Plaintiff's claims. The motion was submitted for decision.[1] The jury returned its verdict on March 7, 2007, deciding in favor of Defendants on all claims except Plaintiff's negligence claim.

---

[1] "Often it appears . . . that a motion for judgment as a matter of law made at the close of the evidence should be reserved for a post-verdict decision. This is so because a jury verdict for the moving party moots the issue and because a pre-verdict ruling gambles that a reversal may result in a new trial that might have been avoided. For these reasons, the court may often wisely decline to rule on a motion for judgment as a matter of law made at the close of the evidence." Fed. R. Civ. P. 50 advisory committee's note.

1

1  Defendants argue in their motion that they are entitled to
2 judgment as a matter of law on Plaintiff's negligence claim because:
3 "Plaintiff was comparatively at fault and . . . such comparative fault
4 on Plaintiff's part was a legal cause of Plaintiff's injuries"; "[t]he
5 testimony and evidence presented fails to meet the Plaintiff's burden
6 of proof"; and "the Defendant Officers have the right to qualified
7 immunity."  (Mot. at 13.)  However, Defendants have not shown that
8 they are entitled to judgment as a matter of law on Plaintiff's
9 negligence claim or that they are entitled to qualified immunity.
10 Therefore, Defendants' motion is denied.

11  The Clerk of the Court is directed to enter judgment in
12 favor of Plaintiff and against Defendants Baker, Evans, Ramirez, and
13 the City of South Lake Tahoe on Plaintiff's negligence claim; and in
14 favor of Defendants Baker, Evans, Ramirez, and the City of South Lake
15 Tahoe and against Plaintiff on all of Plaintiff's remaining claims
16 against said Defendants.  Defendant Baker is required to pay Plaintiff
17 $.01; Defendant Evans is required to pay Plaintiff $.01; Defendant
18 Ramirez is required to pay Plaintiff $.01; and the City of South Lake
19 Tahoe is required to pay Plaintiff $5,095.58.

20  IT IS SO ORDERED.

Dated:  March 7, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge