1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY WARD,                          )
                                      )        2:04-cv-305-GEB-DAD
                    Plaintiff,        )
                                      )
     v.                               )        ORDER
                                      )
CITY OF SOUTH LAKE TAHOE, a           )
Political Division of State of        )
California; SOUTH LAKE TAHOE          )
POLICE DEPARTMENT; POLICE OFFICER     )
D. BAKER; POLICE OFFICER EVANS;       )
and POLICE OFFICER RAMIREZ,           )
                                      )
                    Defendant.        )
_____ )

20          Plaintiff moves for a new trial and Defendants move for

21   judgment notwithstanding the verdict ("JNOV").  Each motion is

22   opposed.

23                              BACKGROUND

24          This action was tried to a jury which entered a verdict in

25   favor of Defendants on Plaintiff's claims for battery, negligent

26   infliction of emotional distress, intentional infliction of emotional

27   distress, Fourth Amendment excessive force, and failure to train, and

28   in favor of Plaintiff on his negligence claim.  Plaintiff sued

                                    1

Defendants for injuries he received as he was transported by South Lake Tahoe police officers ("Defendant officers") at night from a large meadow located along the upper Truckee River in South Lake Tahoe, California. That night, South Lake Tahoe police dispatchers received several calls from local residents reporting shouting and a possible sound of gunfire coming from within a large meadow. The Defendant officers responded to the call. After their arrival, they heard shouting from within the meadow and also detected the smell of smoke, possibly from a campfire. They proceeded to the location of the noise and smoke and discovered Plaintiff; Plaintiff was subsequently arrested on several charges. (Agreed Statement to the Jury at 1-2.)

Defendant officers then proceeded to escort Plaintiff out of the meadow with his hands handcuffed behind his back. It was dark and the area through which they traveled on foot was wet in places and had an uneven terrain, and overgrown brush and tree roots. Plaintiff fell at times during the travel. Plaintiff also periodically ceased walking and was therefore dragged by Defendant officers. Once out of the meadow, Plaintiff was placed in a patrol car and taken to Barton Memorial Hospital for a medical screening, after which he was taken to jail. (Id. at 2.)

<u>DISCUSSION</u>

I. Plaintiff's Motion for a New Trial

Plaintiff argues he is entitled to a new trial, contending that the court abused its discretion by denying three of Plaintiff's expert witnesses the opportunity to testify at trial and by allowing Defendants to cross-examine Plaintiff regarding his 2005 bankruptcy. (Mot. at 2:18-23.)

<u>A. Exclusion of Expert Testimony</u>

Defense counsel's objection at trial to three of Plaintiff's expert witnesses was sustained since Plaintiff failed to produce expert reports pursuant to Federal Rule of Civil Procedure ("Rule") 26(a)(2)(B).  Plaintiff argues that this ruling was an abuse of discretion because the experts were listed in the Final Pretrial Order and Defendants had previously deposed them.  (Mot. at 3:4-5.) Plaintiff further argues that Defendants did not properly object to the experts pursuant to the procedure specified in the Final Pretrial Order.  (<u>Id.</u> at 4:19-21.)  Defendants counter that Plaintiff blatantly disregarded Rule 26's disclosure requirements and that the depositions do not satisfy these requirements.  (Opp'n at 3:27-28, 4:1-15, 16-23.) Defendants also contend that they preserved these objections.  (<u>Id.</u> at 2.)

Rule 26(a)(2)(B) requires that the disclosure of each expert witness be "accompanied by a written report prepared and signed by the witness."  As prescribed in Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed."

Rule 26(a)(2)(B) imposed on Plaintiff an independent obligation to produce his expert witness reports.  "The burden is not on defendants 'to seek out the necessary information regarding [plaintiff's expert], rather [plaintiff has] the affirmative obligation to demonstrate the qualifications of [his] own expert[].'" <u>Rieger v. Orlor, Inc.</u>, 427 F. Supp. 2d 99, 102 n.3 (D. Conn. 2006) (internal citation omitted); <u>see</u> <u>Yeti by Molly Ltd. v. Deckers Outdoor</u>

1  Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (stating that "even though
2  [plaintiff] never violated an explicit court order to produce [his
3  expert's] report and even absent a showing of bad faith or
4  willfulness, exclusion is an appropriate remedy for failing to fulfill
5  the required disclosure requirements of Rule 26(a)."). Further,
6  deposition testimony is not a substitute for the provision of expert
7  reports under Rule 26(a)(2)(B) and "the failure to submit an expert's
8  report ordinarily results in the exclusion of the expert witness'
9  testimony at trial." Riddick v. Wash. Hosp. Ctr., 183 F.R.D. 327, 330
10 (D.D.C. 1998). Accordingly, Plaintiff has failed to show he had
11 substantial justification for his failure to comply with Rule 26(a).

12        Plaintiff also argues that the court should not have
13 excluded his experts since his failure to produce expert reports was
14 harmless. (Mot. at 5:4-5, 19-25.) The harmlessness inquiry in Rule
15 37(c)(1) focuses on, *inter alia*, "the court's need to manage [the
16 trial] and the public's interest in expeditious resolution of
17 litigation." Galentine v. Holland Am. Line-Westours, Inc., 333 F.
18 Supp. 2d 991, 993 (W.D. Wash. 2004) (citing Wendt v. Host Int'l, Inc.,
19 125 F.3d 806, 814 (9th Cir. 1997)). If Plaintiff's experts had been
20 allowed to testify, considerable time would have been expended
21 reviewing the expert depositions in order to ensure that the expert
22 testimony was limited to matters discussed in their respective
23 depositions. Such an undertaking would have been time-consuming and
24 cumbersome. Under the circumstances, Plaintiff's failure to comply
25 with Rule 26 was not harmless. Therefore, Plaintiff has not shown
26 that the challenged ruling was erroneous under Rule 37.

27

28

### B. Testimony Regarding Plaintiff's Bankruptcy

Plaintiff also argues that the court abused its discretion by overruling his objection to Defendants' questioning of Plaintiff at trial about his 2005 bankruptcy since the parties agreed in their Joint Status Conference Statement "that [they] w[ould] make no reference to the Bankruptcy proceedings of the Plaintiff . . . at the time of the Trial." (Joint Status Conference Statement at 2:8-10; Mot. at 6:4-8.) Defendants counter that Plaintiff "opened the door" to questions concerning his bankruptcy when he testified at trial that he incurred debt as a result of the medical treatment he had because of the subject incident. (Opp'n at 7:9-14.) At the June 11, 2006 hearing on the parties' motions, Plaintiff argued that he understood the parties' agreement in the Joint Status Conference Statement to mean that the bankruptcy issue would not be raised under any circumstances, regardless of whether any party "opened the door." This alleged agreement was not part of the Final Pretrial Order, and its meaning is disputed. Nonetheless, "[a] new trial is only warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party." Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc., 2000 WL 34334583, at *3 (N.D. Cal. March 31, 2000) (citing United States v. 99.66 Acres of Land, 970 F.2d 651, 658 (9th Cir. 1992); Haddad v. Lockheed Cal. Corp., 720 F.2d 1454, 1457-59 (9th Cir. 1983)).

Plaintiff argues he was prejudiced by the questioning regarding his bankruptcy because it negatively affected his character in the eyes of the jury. Plaintiff contends he could not rebut Defendants' tarnishment of his character because he was not prepared to meet this surprise evidence. However, Plaintiff has not shown he

1  was substantially prejudiced by this questioning.  Notwithstanding the

2  bearing this evidence may have had on Plaintiff's character, the

3  evidence also indicated that Plaintiff was incurring financial

4  hardship as a result of the incident and could have been viewed by the

5  jury in this light.  Accordingly, Plaintiff's motion for a new trial

6  is denied.

7  II. Defendants' Motion for JNOV

8          A. Inconsistency in the Jury Verdict

9          Defendants move for JNOV, arguing that the jury verdict is

10  inconsistent and contradictory since the jury found in their favor on

11  Plaintiff's excessive force claim but against them on Plaintiff's

12  negligence claim.  (Mot. at 2:9-16, Further Decl. of Gayle Tonon in

13  Supp. of JNOV Mot. ("Tonon Decl.") at 2:8-9.)  Specifically,

14  Defendants contend that "in [o]rder for the jury to find in [their]

15  favor [on] the constitutional claim of 'excessive force' it was

16  necessary to find that the Defendant Officers acted reasonably";

17  therefore, this finding contradicts the jury verdict against

18  Defendants on the negligence claim which required a finding of

19  unreasonableness.  (Tonon Decl. at 2:10-13.)  Plaintiff counters that

20  "[t]here was sufficient evidence presented at trial which would

21  support the [j]ury's conclusion that the officers used unreasonable

22  force after the arrest and during the transportation of Plaintiff out

23  of the forest area, that constituted negligence per the jury

24  instructions."  (Opp'n at 2:5-8.)

25          "[T]he standard for granting [JNOV] [is] whether there is

26  [a] 'legally sufficient evidentiary basis for a reasonable jury to

27  find for that party on [an] issue.'"  Fisher v. City of San Jose, 475

28  F.3d 1049, 1056 (9th Cir. 2007).  There is sufficient evidence in the

trial record that the Defendant officers failed to exercise due care when escorting Plaintiff out of the meadow and Defendants have not shown that the jury's finding that the Defendant officers did not use excessive force under the Fourth Amendment is inconsistent with the jury's negligence finding.  Accordingly, Defendants' motion for JNOV on this ground is denied.

### B. Immunities

Defendants also move for JNOV, contending that Defendant officers are immune from Plaintiff's negligence claim under California Government Code sections 820.2 and 820.4, and California Penal Code section 835a, and that the City of South Lake Tahoe is immune under California Government Code section 815(a).  (Id. at 7:1-9; 3:20-22.)

Defendants did not raise these immunities in their motion for a directed verdict, and the Defendant City of South Lake Tahoe agreed that it was to be found liable if a Defendant officer was found liable for a tort claim.  "A party cannot raise arguments in its post-trial motion for [JNOV] that it did not raise in its pre-verdict . . . motion [for a directed verdict]." Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003); see Def.'s Mot. for a Directed Verdict. Defendants' motion for a directed verdict merely argued that "the Defendant Officers have a right to *qualified immunity*." (Id. at 13:22 (emphasis added).)  "The doctrine of qualified [] immunity is a federal doctrine that does not extend to state tort claims against governmental employees.'" Ogborn v. City of Lancaster, 101 Cal. App. 4th 448, 460 (2002).  Therefore, Defendants' motion for JNOV is denied.

1    III. Costs

2        Plaintiff and Defendants both seek costs under Rule

3    54(d)(1).  "In cases in which 'neither side entirely prevailed,' some

4    courts have denied costs to both sides."  <u>Barber v. T.D. Williams,</u>

5    <u>Inc.</u>, 254 F.3d 1223, 1234-35 (10th Cir. 2001); <u>see also</u> <u>Amarel v.</u>

6    <u>Connell</u>, 102 F.3d 1494, 1523 (9th Cir. 1996) (stating in such cases

7    "it is within the discretion of [the] district court to require each

8    party to bear its own costs.").  Since it is difficult to ascertain

9    what costs were incurred by each party, neither side is awarded costs.

10   <u>Amarel</u>, 102 F.3d at 1523-24.

11                         <u>CONCLUSION</u>

12       For the reasons stated, both motions are denied and neither

13   side is awarded costs.

14   IT IS SO ORDERED.

15   Dated:  August 7, 2007

16

17   _____
     GARLAND E. BURRELL, JR.

18   United States District Judge

19

20

21

22

23

24

25

26

27

28